# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GEGEORGE COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00214 |
| STATE OF TENNESSEE, T.D.O.C., et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

A Shelby County jury convicted George Coleman of aggravated sexual battery, and the court imposed a ten-year sentence. Coleman's direct appeal was unsuccessful. State v. Coleman, No. W2015-00450-CCA-R3-CD, 2016 WL 3344950 (Tenn. Crim. App. May 27, 2016), perm. app. denied Sept. 26, 2016. His state post-conviction proceedings are currently pending in Shelby County Criminal Court. (See Doc. No. 6 at 8).

Coleman recently initiated a pro se case in this Court. When the Clerk's Office entered it in the Court's electronic filing system, it docketed the case as being brought under 28 U.S.C. § 2254 (the federal habeas corpus statute for state prisoners). In Coleman's initial filings, however, he did not clearly state if he intends to bring this case under Section 2254, 42 U.S.C. § 1983 (the federal statute creating a cause of action for violations of federal law by state actors), or some other statute. So, the Court directed Coleman to clarify the nature of this case and address the filing fee. (Doc. No. 5). Coleman filed a Complaint clarifying that he brings this case under Section 1983 (Doc. No. 6) and paid the filing fee. (Doc. No. 12). The Complaint is now before the Court for initial review, as required by the Prison Litigation Reform Act. And as explained below, this case will be dismissed.

## I. Initial Review

Because Coleman filed this case while he was a prisoner, and because the Complaint sues a governmental officer, the Court must review and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See 28 U.S.C. § 1915A; see also 42 U.S.C. § 1997e(c)(1) (applying this standard of review to claims "brought with respect to prison conditions"). And because Coleman is representing himself, the Court must hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Allegations

Most of the Complaint focuses on Coleman's state court proceedings, but it also contains allegations regarding a remark from a parole officer and Coleman's access to the prison law library around the time he filed this case. The Complaint names three Defendants: Lisa Helton, the Commissioner of the Tennessee Department of Correction; Richard Montgomery, the Chairman of the Board of Parole (the Board); and Chris Craft, the Shelby County Judge who presided over Coleman's criminal case and is presiding over his post-conviction proceedings. (Doc. No. 6 at 2). Coleman's only concrete request for relief in the Complaint is to replace Judge Craft as the presiding judge in his post-conviction proceedings. (Id. at 11). Liberally construing the Complaint in Coleman's favor, he alleges as follows.

#### 1. State Court Proceedings

In May 2012, Shelby County police officers arrested Coleman without a warrant. (Id. at 4). Coleman did not receive a preliminary hearing or appear before a judge within fourteen days. (Id. at 4–5). His case was assigned to Judge Craft. (Id. at 4).

2

Judge Craft was biased against Coleman in several ways. Before trial, for example, Judge Craft did not provide Coleman "his Discovery pack" prior to arraignment. (Id. at 8). Coleman also retained an attorney (Mark Mesler) to represent him, but Judge Craft allowed Mesler to withdraw just before a hearing without informing Coleman in writing. (Id. at 5). Judge Craft threatened to revoke Coleman's bond if Coleman "did not find another lawyer prior to the court returning from lunch." (Id. at 6). But Judge Craft did not know that Coleman had already hired a new attorney (Sean Muziers). (Id. at 5). So, Judge Craft appointed a third lawyer (Trent Hill) to represent Coleman while Muziers was still representing him. (Id.). At some point, Judge Craft "more or less yell[ed]" at Coleman in open court, "I need to get off of your case!" (Id. at 7). During trial, Judge Craft erred by admitting evidence of Coleman's involvement in a prior shooting and allowing the victim to testify after sitting in the courtroom. (Id. at 5, 8). And after trial, Judge Craft failed in his role as the thirteenth juror by accepting a guilty verdict that was based on uncorroborated witness testimony. (Id. at 6).

The Complaint also contains allegations regarding the performance of attorney Sean Muziers. Namely, Coleman alleges that Muziers could have proven Coleman's alibi if Muziers had hired an investigator to go to Jackson, Mississippi. (Id. at 6–7).

Moving forward to Coleman's post-conviction proceedings, Coleman alleges that Judge Craft "stall[ed] his Post-Conviction phase of his appeal for over 3 (three) years prior to his release and now has force[d] [Coleman] to be release[d] with an ankle monitor." (Id. at 8). Judge Craft appointed Coleman counsel with "a concurrent conflict of interest." (Id. at 9). Coleman filed several pro se motions for subpoenas and for Judge Craft to recuse himself, but those motions have not received a ruling. (Id. at 8–9). Coleman has not received any of Judge Craft's rulings in writing, and Craft has refused to order the court reporter to provide Coleman with transcripts from pre-trial

3

Case 3:23-cv-00214   Document 13   Filed 07/09/23   Page 3 of 8   PageID #: 570

hearings, the motion-for-new-trial hearing, and post-conviction hearings. (Id.). During a hearing, Judge Craft stated that Coleman "was being released on parole," when Coleman was actually being released at the conclusion of his ten-year sentence. (Id. at 9–10).

### 2. Parole Officer's Remark

While Coleman was confined at Hardeman County Correctional Facility, the Board sent a parole officer there "to teach a parole class for inmates [who were] about to flatt[en] their sentence because of a sex offense." (Id. at 7). The officer told Coleman that "he was not allowed to move out of state" when he was released, which Coleman claims violated Tenn. Code Ann. § 40-39-203(a)(3). (Id. at 7, 10).

### 3. Law Library Access

Coleman was denied meaningful law library access at Hardeman County Correctional Facility due to frequent lockdowns. (Id. at 4). He filed multiple grievances on this issue. (Id.).

## B. Legal Standard

To complete the required initial review, the Court applies the Rule 12(b)(6) standard. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

## C. Analysis

Coleman brings this case under 42 U.S.C. § 1983, which allows an individual to bring a civil claim against a state actor for violating federal law. See Smith v. City of Salem, Ohio, 378

4

F.3d 566, 576 (6th Cir. 2004). Coleman fails to state a claim under Section 1983 for the reasons explained below.

### 1. State Court Proceedings

Coleman asserts Section 1983 claims arising from two types of state court proceedings: his criminal case and his subsequent post-conviction proceedings. Neither category of claims is viable.

There is a doctrine in federal court, as stated by the United States Supreme Court in <u>Heck v. Humphrey</u>, providing that a plaintiff cannot pursue civil claims that, if successful, would "necessarily imply the invalidity" of a criminal conviction or sentence, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 587 (1994). This doctrine applies regardless of the relief the plaintiff is seeking, be it monetary damages or equitable relief. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81–82 (2005). There are four ways to invalidate a conviction under <u>Heck</u>: "(1) reversal on direct appeal; (2) executive expungement; (3) declared invalid by a state tribunal; or (4) called into question by a writ of habeas corpus." <u>Carr v. Louisville-Jefferson Cnty.</u>, 37 F.4th 389, 392 (6th Cir. 2022) (citing <u>Heck</u>, 512 U.S. 486–87).

Here, Coleman is attempting to use this Section 1983 case to pursue claims arising from his arrest, the procedures immediately following his arrest, his pre-trial proceedings, and his trial proceedings. Success on these claims would necessarily imply that his conviction for aggravated sexual battery is invalid. That conviction has not been set aside within the meaning of <u>Heck</u>; his direct appeal was unsuccessful and his post-conviction proceedings are still pending. Unless and until Coleman can demonstrate that his conviction has been invalidated through state remedies or a federal writ of habeas corpus, he cannot pursue these Section 1983 claims. So, these claims will be dismissed without prejudice. See <u>Sampson v. Garrett</u>, 917 F.3d 880, 882 (6th Cir. 2019) (reflecting that <u>Heck</u> dismissals are without prejudice).

As for Coleman's Section 1983 claims arising from his ongoing post-conviction proceedings, the relief that Coleman requests is for this Court to replace Judge Craft as the presiding judge. But as explained by the Sixth Circuit, federal courts "should be loath to assume jurisdiction to interfere with state criminal proceedings, including postconviction proceedings." Baze v. Parker, 632 F.3d 338, 341 (6th Cir. 2011) (collecting cases, including Younger v. Harris, 401 U.S. 37, 43–44 (1971)). This principle is referred to as Younger abstention. It provides that federal abstention is appropriate where: 1) there is an ongoing state judicial proceeding; 2) the proceeding implicates important state interests; and 3) there is an adequate opportunity to raise constitutional challenges in the state proceeding. Hill v. Snyder, 878 F.3d 193, 206 (6th Cir. 2017) (citing Squire v. Coughlan, 469 F.3d 551, 555 (6th Cir. 2006)).

Here, 1) Coleman's post-conviction proceedings are ongoing; 2) "state criminal proceedings" (and postconviction proceedings, see Baze, 632 F.3d at 341) "involve important state interests," Gonnella v. Johnson, 115 F. App'x 770, 771–72 (6th Cir. 2004) (citing Cooper v. Parrish, 203 F.3d 937, 954 (6th Cir. 2000)); and 3) Coleman has an adequate opportunity to raise his arguments in the post-conviction proceedings, and if necessary, through an appeal. See Fuller v. Jolly, 41 F. App'x 821, 822 (6th Cir. 2002) (holding that party who alleged a conspiracy to prevent his fair presentation of post-conviction claims had "an adequate opportunity to raise his objections in a post-conviction appeal"); Smith v. Shelby Cnty., Tenn., 3 F. App'x 436, 438 (6th Cir. 2001) (rejecting Section 1983 claims based on an alleged delay in adjudicating post-conviction proceedings, in part, because federal district courts cannot "direct the state courts in the performance of their duties"). The Complaint does not implicate the exceptions to Younger abstention. See Am. Fam. Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 335 (6th Cir. 2007) (noting that exceptions to Younger abstention include "bad faith, harassment, or flagrant

unconstitutionality" (quoting Squire, 469 F.3d at 555)). Accordingly, Coleman's Section 1983 claims arising from his post-conviction proceedings will also be dismissed without prejudice.

At this stage in the criminal process, the proper forum for Coleman to litigate issues regarding his criminal case is the state post-conviction trial court, and if necessary, through an appeal to the Tennessee Court of Criminal Appeals. Then, if Coleman is dissatisfied with the outcome of his state litigation, he may file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal court, subject to all applicable rules and time limits.

### 2. Parole Officer's Remark

Coleman alleges that a parole officer made a statement to him that was not consistent with state law with regard to Coleman's ability to move out of state after being released. Coleman does not say what Section 1983 claim he may be attempting to pursue based on this allegation, and it is not clear how the officer's alleged statement—made as the teacher of a class at a prison—could be considered an official restraint rather than an offhand remark. Such a conclusory assertion of legal liability is insufficient to state a claim for relief. See Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) (citations omitted ("[E]ven pro se complaints must satisfy basic pleading requirements. A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory.")). Moreover, "the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983." Stanley v. Vining, 602 F.3d 767, 769 (6th Cir. 2010). Accordingly, Coleman fails to state a claim based on the parole officer's alleged comment.

### 3. Law Library Access

Finally, Coleman alleges that frequent lockdowns prevented him from having meaningful access to the law library when he was confined at Hardeman County Correctional Complex. This

7

allegation implicates the right of access to the courts. But "[b]ecause the right of access is 'ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,' a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a 'nonfrivolous, arguable' claim." Sampson v. Garrett, 917 F.3d 880, 881 (6th Cir. 2019) (Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "[T]he complaint should state the underlying claim . . . just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417–18 (citation and footnote omitted). Here, Coleman does not allege that his limited law library access resulted in actual prejudice to a nonfrivolous legal claim. Because prisoners do not have "an abstract, freestanding right to a law library or legal assistance," Lewis v. Casey, 518 U.S. 343, 351 (1996), Coleman fails to state a claim on this basis.

## II. Conclusion

The Clerk is **DIRECTED** to update the cause and nature of suit codes on the docket to reflect that this is a case brought by a prisoner under Section 1983 (even though Coleman was released after he initiated the case).

For the reasons explained above, this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The Court **CERTIFIES** that an appeal in this matter would not be taken in good faith, so Coleman will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE